IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir and Personal Representative of the Estate of James M. Bassett, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br>vs.<br><br>CREDIT MANAGEMENT SERVICES, INC. and JASON MORLEDGE,<br><br>     Defendants. | Case No. :<br><br>**COMPLAINT**<br>**and**<br>**JURY DEMAND**<br><br>**(Class Action)** |

I. **INTRODUCTION**

This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff Kelly M. Bassett, on behalf of herself and as heir and Personal Representative of the Estate of James M. Bassett, and all persons similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors Credit Management Services, Inc. (CMS) and Jason Morledge arising from their routine practices of filing collection complaints in an attempt to collect alleged obligations for medical accounts pursuant to Neb.Rev.Stat. § 25-1801 *et seq*. in Nebraska County Courts which request an entitlement to an award of statutory attorneys' fees and prejudgment interest through its in-house attorneys by misrepresenting the nature of the consumers account as for "goods or services" rendered, rather than as actions on "ACCOUNTS." Plaintiff further alleges that this practice violates the NCPA.

1

## II. JURISDICTION

1. Subject matter jurisdication of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. In personam jurisdiction exists and venue is proper as Defendant CMS is a Nebraska Corporation which regularly does business in this district. The individual Defendant Jason Morledge is a Nebraska resident. The challenged practices occurred in this jurisdiction. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III. PARTIES

3. Plaintiff Kelly M. Bassett ("Mrs. Bassett") is an adult individual residing in Fremont, Dodge County, Nebraska. Mrs. Bassett is the surviving spouse, heir and Court appointed Personal Representative of the Estate of James M. Bassett. At all times material hereto, Mrs. Bassett and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4. Credit Management Services, Inc., (hereafter "CMS") is a collection agency located in Grand Island, Nebraska, engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

5. Jason Morledge (hereafter "Morledge") is the president of CMS and is personally engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and Mr. Morledge is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

6. At all times relevant hereto, the Defendants are attempting to collect debts alleged to be in default from the Plaintiff and each member of the purported class for personal, family or household purposes, *i.e.* medical accounts.

7. Defendants are all entities or individuals who contributed to or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

8. At all times relevant hereto, each of the Defendants were, and are now, the agent, servant, employee and / or other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## IV. FACTUAL ALLEGATIONS

9. On or about April 8, 2016, Defendants filed their standard county court collection complaint against Plaintiff Kelly Bassett and her deceased husband James Bassett entitled, "*Credit Management Services, Inc. v. James Bassett and Kelly Bassett,*" in the County Court of Dodge County, Nebraska, at Case No. CI 16 534. CMS's in-house attorney Steven J. Morrison appeared on the complaint as attorney of record in this county court case. A true and correct copy of said collection complaint is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

10. In this collection lawsuit, "*Credit Management Services, Inc. v James Bassett and Kelly Bassett,*" Defendant CMS proceeded *pro se,* represented only by its in-house attorneys.

11.   Paragraphs # 6 and # 9 of <u>Exhibit A</u> request an award of attorney's fees and prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801.

12.   The Bassett's alleged accounts were incurred primarily for personal, family, or household purposes, *i.e.* – medical services. (Hereinafter "the Debt.")

13.   "Accounts" assigned for collection of medical services are not obligations covered by Neb.Rev. Stat. §25-1801 and do not allow for the collection of pre-judgment interest and attorneys' fees. Misrepresenting the nature of debtors' debts as debts for materials or services rendered, rather than actions on accounts, in order to deceive state courts and debtors and collect impermissible fees and prejudgment interest is a violation of the FDCPA. <u>Powers v. Credit Mgmt. Servs., Inc.</u>, 2016 WL 612251 *10 (D. Neb. Feb. 2, 2016) citing <u>Jenkins v. General Collection Co</u>., 538 F.Supp.2d 1165, 1174 (D. Neb. 2008).

14.   On June 3, 2016, CMS's in-house attorney Dana Kay Fries signed and filed Motion and Affidavit for Summary Judgment, Notice of Hearing, and Certificate of Service in the County Court lawsuit. True and correct copies thereof are attached hereto as <u>Exhibits B, C, and D</u> and incorporated herein by this reference.

15.   Based on an Affidavit for Summary Judgment (Exhibit B) signed by a CMS in-house attorney, on June 20, 2016 a Journal Entry and Order for Judgment was entered against James and Kelly Bassett in the County Court lawsuit which included an award of "attorneys' fees of $269.30 and prejudgment interest in the amount of $72.99." A true and correct copy thereof is attached hereto as <u>Exhibit E</u> and incorporated herein by this reference.

16.   CMS's in-house attorney Megan L. Bischoff appeared for CMS at the hearing on the June 20, 2016 Journal Entry and Order for Judgment. See <u>Exhibit E.</u>

17. James M. Bassett passed away on August 7, 2016. Kelly Bassett was duly appointed

as Personal Representative of the Estate of James Bassett on October 3, 2016, in the County Court of Dodge County, NE, in an action entitled, "In the Matter of the Estate of James M. Bassett, Deceased," at Case No. PR16-192.  Kelly Bassett is the only heir of that estate.

18.     Ms. Bassett has been and is making payments to CMS on the June 20, 2016 Journal Entry and Order for Judgment, Exhibit E.

19.     Defendant CMS's in-house attorneys Mr. Morrison, Ms. Fries, and Ms. Bischoff as well as all other CMS lawyers who file county court complaints in Nebraska, were or are full time employees of CMS at all relevant times and are not engaged in the private practice of law.

20.     Attorneys' fees recovered by CMS pursuant to Neb.Rev.Stat. § 25-1801 are retained by Defendants.

21.     Defendant CMS does not pay outside attorneys the attorneys' fees awarded pursuant to Neb.Rev.Stat. § 25-1801.

22.     Defendant Jason Morledge as the president of CMS created, designed, directed, and supervised the practices of CMS and its in-house attorneys in requesting an award of attorneys fees pursuant to Neb.Rev.Stat. § 25-1801 through use of complaints in the form of Exhibit A.

## V.  DEFENDANTS' ROUTINE PRACTICES

23.     It is Defendants' routine practice to file county court collection complaints to recover allegedly past due medical accounts in the form of Exhibit A which request an award of attorneys fees and prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801,

24.     It is Defendants' routine practice to file county court collection complaints to recover allegedly past due medical accounts in the form of Exhibit A which claim entitlement to an award of attorneys fees although no attorney(s) who was not a full time employee of CMS

appeared on behalf of CMS.

25. It is Defendants' routine practice to seek and collect sums in addition to principal, including prejudgment interest and statutory attorney fees even though their standard collection complaints do not meet or comply with the mandatory language or meet the requirements for being awarded either attorney fees or prejudgment interest as accounts for medical bills do not fit within the purview of Neb.Rev. Stat. §25-1801.

26. Defendants' routine practices of collecting unauthorized charges violates the FDCPA by seeking and collecting amounts, including interest, fees and costs, which are not permitted by law in violation of 15 U.S.C. §1692f and 1692f(1).

27. Defendants routinely file and prosecute said collection lawsuits against consumers in Nebraska, which misrepresent the nature of the consumer's medical account as "goods and/or services rendered" rather than an action on an account.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS**

28. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent or served, or caused to be sent or served, a county court collection complaint in the form of Exhibit A (iii) in an attempt to collect an alleged unpaid medical account (iv) which requested an award of statutory attorneys' fees and/or prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801 (v) during the period one year prior to the date of filing this action.

**NCPA CLASS**

29. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent or served, or caused to be sent

or served, a county court collection complaint in the form of Exhibit A (iii) in an attempt to collect an alleged unpaid medical account (iv) which requested an award of attorneys; fees and/or prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801 (v) during the period four years prior to the date of filing this action.

30.  On information and belief based on Defendants' use of complaints in the form of Exhibit A, the class is so numerous that joinder of all members is impractical.

31.  There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal questions are whether Defendants' county court collection complaints in the form of Exhibit A violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(10), § 1692f, and § 1692f(1) and the NCPA.

32.  Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

33.  Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff retained counsel experienced in class actions and debt collection abuse cases.

34.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

35.  Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>   (a)  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>   (b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.  Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil

Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate pursuant to the NCPA.

37. Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. Defendants' practices and county court collection complaint in the form of Exhibit A violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(10), § 1692f, and § 1692f (1).

**WHEREFORE**, Plaintiff prays that this Court certify the classes and enter judgment for Plaintiff and the class members against the Defendants:

(a) Awarding actual damages, including disgorgement and refund of any amounts collected as a result of collecting attorney fees without following the statutory requirements, with interest;

(b) Awarding statutory damages to the Plaintiff and also to the class as provided by 15 U.S.C. § 1692k(a)(2);

(c) Awarding Plaintiff and the class their costs and reasonable attorney's fees;

(d) Declaring the challenged practices herein to be unlawful under the Act; and

(e) Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – CONSUMER PROTECTION ACT

40. Plaintiff incorporates by reference the allegations contained above as if the same

were here set forth at length.

41. Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.Rev.Stat. § 59-1601.

42. Defendants' routine acts of misrepresenting the nature of the account for the purpose of obtaining attorney fees and prejudgment interest, which mislead the unsophisticated consumer, constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

43. Defendants' acts of misrepresenting that they may recover attorney's fees in the lawsuit pursuant to Neb.Rev.Stat. 25-1801 constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

44. Defendants' acts of misrepresenting that they may recover attorney's fees in the lawsuit pursuant to Neb.Rev.Stat. 25-1801 constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

45 These routine violations by a public entity, CMS, caused injury to the Plaintiff and the Class such that brining this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered for herself and the class against Defendants for:

    A.    Statutory damages, pursuant to Neb.Rev.Stat. §59-1609;

    B.    Injunctive relief pursuant to the NCPA;

    C.    Declaratory relief that Defendants' practices violate the NCPA;

  D. Costs and reasonable attorneys' fees pursuant to Neb Rev Stat. §59-1609;

  E. Actual damages for the Plaintiff and class; and

  F. Such other and further relief as the Court deems just and equitable.

## IX.   JURY DEMAND

Plaintiff Kelly M. Bassett demands a trial by jury of all claims so triable.

March 4, 2017

        Kelly Bassett, on behalf of herself and all others similarly situated, Plaintiff,

      By: */s/ William L. Reinbrecht*
        Pamela A. Car, #18770
        William L. Reinbrecht, #20138
        Car & Reinbrecht, P.C., LLO
        8720 Frederick Street, Suite 105
        Omaha, NE 68124
        1 (402) 391-8484
        Fax: 1 (402) 391-1103
        E-mail: billr205@gmail.com

        and

        O. Randolph Bragg
        Horwitz, Horwitz& Associates
        25 East Washington Street, Suite 900
        Chicago, Illinois 60602
        (312) 372-8822
        (312) 372-1673 (facsimile)
        rand@horwitzlaw.com

        ATTORNEYS FOR PLAINTIFF
        AND THE PUTATIVE CLASS