IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir and Personal Representative of the Estate of James M. Bassett, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT MANAGEMENT SERVICES, INC., and JASON MORLEDGE,<br><br>Defendants. | 8:17CV69<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on the parties' Joint Motion for Final Approval of Class Settlement (Filing No. 117) and Plaintiff's Unopposed Motion for Approval of Plaintiff's Incentive Award, Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 112). For the reasons explained below, the undersigned magistrate judge will recommend that the motions be granted.

## BACKGROUND

Following a settlement conference conducted by the undersigned magistrate judge on October 4, 2018, Plaintiff and Defendants reached a settlement of this class action. On November 16, 2018, the parties filed the Class Action Settlement Agreement (Filing No. 106-1) and a joint motion (Filing No. 104) requesting that the Court approve the settlement agreement. On April 9, 2019, the Honorable Joseph F. Bataillon, Senior United States District Court Judge, granted the parties' joint motion and entered an Order of Preliminary Approval of the parties' settlement agreement. (Filing No. 107).

Pursuant to the Order of Preliminary Approval, the Court: (1) preliminarily approved the Agreement; (2) ordered Credit Management Services ("CMS") to serve a Class Action Fairness Act ("CAFA") notice pursuant to 28 U.S.C. § 1715(b) and to file a certificate of compliance with the Court; (3) certified for settlement purposes the class previously certified in its prior Order (Filing No. 85); (4) approved the parties' proposed notice to the class (Filing No. 106-3); (5) notified the class members regarding how to be excluded from the settlement class; and (6) set a date and time for the final settlement fairness hearing and notified class members of the right to object to the settlement. (Filing No. 107). CMS complied with the Court's Order. (Filing No. 111).

On May 22, 2019, First Class, Inc., the Court-appointed Settlement Administrator, mailed notices to 3,729 class members and set a July 22, 2019, deadline for objections and requests for exclusion. As of July 20, 2019, 464 notices were returned undeliverable with no forwarding address and 121 notices were forwarded to a new address. The class administrator received no objections or requests for exclusion. (Filing No. 118-1).

On July 10, 2019, the plaintiff filed an Unopposed Motion for Approval of Plaintiff's Incentive Award, Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 112) accompanied by a brief (Filing No. 113) and Index of Evidence (Filing No. 114) containing time records for the fees incurred by Plaintiff's counsel in connection with this lawsuit. Plaintiff requests $135,000 in fees and costs and $7,500 as an incentive award for the class representative, as negotiated during the settlement conference.

On July 22, 2019, the parties filed their Joint Motion for Final Approval of Class Action Settlement. (Filing No. 117). On August 5, 2019, the parties appeared for the final fairness hearing before the undersigned magistrate judge pursuant to Fed. R. Civ. P. 23 to determine:

> (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the class members with prejudice and on the merits, as required by the Agreement; (c) whether to approve the *cy pres* award requested by the parties and (d) whether to approve the Plaintiff's attorneys' fees and costs and awards to the named Plaintiff.

(Filing No. 107 at p. 8). The Court took judicial notice of the evidence in the record and all the pleadings and filings in this case. No class members appeared at the hearing and no class members objected to the settlement.

## DISCUSSION

### I. Final Approval of Class Settlement

A court may approve a class action settlement after a hearing and upon a finding that the settlement is fair, reasonable, and adequate considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
 (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). In determining the fairness and reasonableness of a settlement, the court must consider "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012)(quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). Public policy favors settlement agreements "and courts should approach them with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (internal quotation marks and citations omitted).

 In this case, all of the above factors weigh in favor of granting final approval. The undersigned magistrate judge has considered the relevant law, the class settlement agreement, and the parties' arguments written submissions. No individuals opted-out of the class, no class member objected or otherwise commented on the agreement, and no class members appeared at the final fairness hearing despite being provided notice of the opportunity to do so. Based upon the required factors, the undersigned magistrate judge finds that the proposed settlement is fundamentally fair, reasonable, and adequate, and will therefore recommend final approval of the proposed class action settlement.

  **II.**  **Motion for Attorney Fees and Incentive Award**

 The Fair Debt Collection Practices Act permits the Court to award costs and a reasonable attorney's fee award. See 15 U.S.C. § 1692k(a)(3). Plaintiff requests a total award of $135,000 for attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and the terms of the settlement agreement. Courts frequently use the lodestar method to calculate fee awards by using "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Courts consider many factors in evaluating the reasonableness of time spent, including the difficulty of the case, the experience of the attorneys, and awards in similar cases. *Id.* at 430. The undersigned magistrate judge has reviewed Plaintiff counsel's unopposed motion, brief, and accompanying evidence (Filing Nos.

112-114), and reviewed Plaintiff's lodestar analysis of the fees requested. In consideration of the foregoing, the undersigned concludes that the requested fees and costs are reasonable.

Plaintiff also requests an incentive award of $7,500. The undersigned magistrate judge also finds that the incentive award is fair and reasonable considering the time and effort Plaintiff expended to prosecute this litigation on behalf of the settlement class members. Therefore, the undersigned magistrate judge will recommend that Plaintiff's Unopposed Motion for Approval of Plaintiff's Incentive Award, Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 112) be granted.

Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, Senior United States District Court Judge, that:

1. The Joint Motion for Final Approval of Class Settlement (Filing No. 117) be approved and that the parties' proposed order regarding the same, which is attached to this Findings and Recommendation as Attachment B, be approved; and
2. The plaintiff's Unopposed Motion for Approval of Plaintiff's Incentive Award, Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 112) be granted.

Dated this 6th day of August, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir and Personal Representative of the Estate of James M. Bassett, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>CREDIT MANAGEMENT SERVICES, INC. and JASON MORLEDGE,<br><br>  Defendants. | Civil File No.: 8:17-CV-00069 JFB-MDN<br><br>**[PROPOSED]<br>ORDER TO APPROVE CLASS SETTLEMENT AND DISMISS ACTION** |

Plaintiffs filed the above-captioned class action lawsuit ("Lawsuit") asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Nebraska Consumer Protection Act (hereinafter referred to as the "NCPA"), Neb. Rev. Stat. §59-1601, *et seq*.

Credit Management Services, Inc. (CMS) denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, including a settlement conference conducted by Mag. Judge Nelson, Plaintiffs and CMS (or, when referred to jointly with Plaintiffs, the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 16, 2018, the Parties filed the Agreement (Filing No. #106), along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

1



In reference to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than ninety (90) days prior to the Fairness Hearing, in November, 2018, counsel for CMS served written notice of the proposed class settlement on the appropriate federal and Nebraska state officials, and on April 18, 2019, served such notice on additional state offices upon determining that certain class members had moved to states outside Nebraska. (Filing No. 111).

On April 9, 2019, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement with respect to a previously certified class; (ii) appointed Plaintiff Kelly Bassett as the Class Representative; (iii) appointed William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES as Class Counsel; (iv) confirmed the Court's intention to vacate its Order on cross motions for summary judgment, to precede any final approval of the class settlement and dismissal of the lawsuit, on which the class settlement is contingent; and (v) set the date and time of the Fairness Hearing. (Filing No. 107).

On July 22, 2019, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On August 5, 2019, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3. CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes, as a class action, consistent with the definition set forth in its earlier Order certifying class (Doc. #85). CMS and the class administrator represent that there are 3,729 total class members who were sent notice. Of these, 0 class members submitted timely requests for exclusion.

4. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kelly Bassett as the Class Representative and William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, as Class Counsel.

5. NOTICES – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B)

and due process and constituted the best notice practicable under the circumstances. The Court finds that the notices were clearly designed to advise the Class Members of their rights.

6. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under <u>Fed. R. Civ. P. 23</u>, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiffs are typical of the claims of the Class Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment that may be obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. <u>SETTLEMENT TERMS</u> – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement. The named Plaintiffs are awarded $7,500 collectively, as statutory damages and for Ms. Bassett's services as the class representative. The Class is awarded $90,000 to be distributed on a *pro rata* basis among the class members who did not submit exclusion requests. Any undistributed amounts are awarded as a *cy pres* remedy as provided in the Settlement Agreement, for use in consumer representation and/or consumer education.

9. <u>OBJECTIONS AND EXCLUSIONS</u> – The Class Members were given an opportunity to object to the settlement. 0 Class Member objected to the settlement. [The Court has reviewed and hereby denies the objection.] 0 members of the Class have made valid and timely requests for exclusion and are excluded from the class and settlement and are not bound by this Order. [The identities of such persons are set forth in the Affidavit of Bailey Hughes.]

10. This Order is binding on all Class Members, except those individuals identified in the Affidavit of Bailey Hughes, who validly and timely excluded themselves from the class.

11. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The named Plaintiffs, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Except for the determination of an award of attorneys' fees and costs (see # 12 below) pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order. Nothing

in this Order or Settlement Agreement prevents a class member from defending a county court collection action brought against them by CMS.

12. Plaintiffs' Counsel are awarded the amount of $135,000 as reasonable costs and attorneys' fees.

13. This Order is not, and shall not be construed, as an admission by CMS of any liability or wrongdoing in this or in any other proceeding.

14. The Court's Memorandum and Order granting in part and denying in part the parties' cross motions for summary judgment (Doc. #84) has been vacated by separate Order (Doc. #120).

15. The Lawsuit is hereby dismissed with prejudice in all respects.

IT IS SO ORDERED.

DATED: _____  _____